(753 P.2d 843)

No. 60,951

STATE OF KANSAS, *Appellee*, v. JOHN GRIBLIN, *Appellant*.

Opinion filed May 5, 1988.

*Robert W. Manske*, of Yates Center, for appellant.

*Leo T. Gensweider*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., REES and SIX, JJ.

REES, J.: Defendant John Griblin appeals from his jury conviction of voluntary manslaughter, a class C felony (K.S.A. 21-3403). We reverse.

We conclude that resolution of one of the nine issues raised by defendant is dispositive of this appeal. Accordingly, we will address that issue only.

Defendant was tried on a charge of second-degree murder, a class B felony (K.S.A. 21-3402). The jury was instructed on the elements of second-degree murder, voluntary manslaughter as an included lesser degree crime (K.S.A. 1987 Supp. 21-3107[2][a], [3]), and self-defense justification (K.S.A. 21-3211). Defendant complains that the trial court erred in failing to instruct on involuntary manslaughter, a class D felony (K.S.A. 1987 Supp. 21-3404) as an included lesser degree crime. We agree.

K.S.A. 1987 Supp. 21-3107 provides:

"(2) . . . An included crime may be any of the following:

"(a)   A lesser degree of the same crime;

. . . .

"(3) In cases where the crime charged may include some lesser crime, it is the

duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information . . . and upon the evidence adduced."

*State v. Gregory*, 218 Kan. 180, 542 P.2d 1051 (1975), a case in which the defendant was tried on a second-degree murder charge and convicted of involuntary manslaughter, establishes that involuntary manslaughter, as a lesser degree of the generic crime of homicide, is a lesser degree of homicide than murder, and for the purposes of K.S.A. 1987 Supp. 21-3107(2)(a) is a "lesser degree of the same crime." 218 Kan. at 181-83. "Therefore, in a murder prosecution, an instruction on manslaughter is not only proper but required if justified by the evidence." 218 Kan. at 183. See K.S.A. 1987 Supp. 21-3107(3); *State v. Scobee*, 242 Kan. 421, 748 P.2d 862 (1988).

Paraphrasing the statutory definition of involuntary manslaughter (K.S.A. 1987 Supp. 21-3404) as it may apply to this case, it requires an unintentional killing without malice that occurred while the defendant was performing some lawful (i.e., not criminal) act in a manner which was unlawful. See *State v. Gregory*, 218 Kan. at 183.

Thus, in the case before us, we confront the question whether the evidence "justified" submission of involuntary manslaughter to the jury. Conversely stated, "an instruction on an included offense is not proper if from the evidence the jury could not reasonably convict of the lesser offense." 218 Kan. at 183.

We are persuaded that upon the evidence adduced, the jury could have reasonably found that Hughes was an aggressor, that is, that Griblin was in fact attacked. From this, the jury would necessarily find that by operation of the self-defense statute (K.S.A. 21-3211), Griblin was entitled to defend himself and, in doing so, he was engaged in a "lawful act." *Gregory*, 218 Kan. at 185. (*Scobee*, 242 Kan. at 428, holds that when confronted by an aggressor, one may "stand his ground" and need not retreat.)

Applying its language to this case, we find it said in *Gregory*, 218 Kan. at 185-86:

"[T]he statute and our cases recognize that in repelling an attack one is limited to 'that force which *reasonably appears to be necessary* for that purpose.' [Citations omitted.] If the jury had found the deadly force employed by [Griblin] was 'reasonably necessary' to repel [Hughes'] attack, it would have acquitted him.

But if it found that force was excessive what could its verdict be? If it found no malice, it could not convict of murder. If it [found] that he did not intend to kill, it could not convict of voluntary manslaughter. Yet the use of excessive force eliminated the statutory justification for the homicide and made it unlawful. . . . We think the jury could conclude on the facts of this case that [Griblin] had a right of self- defense, and his exercise of that right was a lawful act. It could also find, however, that shooting [at Hughes repeatedly] was not reasonably necessary . . . . This use of excessive force could be found to be an 'unlawful manner' of committing the lawful act of self-defense, and thus supply that requisite element of involuntary manslaughter."

Within the evidence presented at the trial of this case, there was testimony describing the physical circumstances found at the scene after the shooting, testimony reporting out-of-court statements by Griblin, and Griblin's own testimony. We are convinced that on the evidence adduced a jury *could* find that Griblin unintentionally killed Hughes while performing the lawful act of self-defense in an unlawful manner, that is, by using "excessive force."

According to Griblin's trial testimony version of the events, when he saw Hughes approaching he feared that Hughes would ram his car so he stopped and got out. He had a hand gun. Hughes skidded to a stop, got out of his car, and pointed a gun at Griblin. Faced with that turn of events, Griblin shot at Hughes, who got back into his car, put it in reverse and, at high speed, backed into a ditch and collided with a utility pole. Hughes then partially exited his car three, four, or five times, pointing his gun at Griblin, and on each occasion Griblin fired at or toward Hughes. The activity concluded when Hughes did not once again step out of his car. He was found on the front seat, fatally wounded. Griblin immediately summoned law enforcement officers and medical assistance.

We conclude that on the evidence presented in this case, the trial court erred in failing to instruct on involuntary manslaughter as an included lesser degree crime. We need not and do not now hold that in every case tried on a homicide charge other than involuntary manslaughter where the defense of self-defense is submitted to the jury it is necessary that the jury be instructed on involuntary manslaughter.

Reversed and remanded for new trial.